944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Stephen PAYNE, Defendant-Appellant.
 No. 91-5388.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1991.
Decided Sept. 24, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-90-73-R)
 Onzlee Ware, Roanoke, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mark Stephen Payne appeals his convictions under 18 U.S.C. §§ 924(c) and 922(g)(1). We affirm.
 
 
 2
 Payne was arrested by Roanoke City Police executing a search warrant at his residence. Payne was seated in the living room with two other persons. When Detective Wood entered the living room Payne stood and reached for a .38 caliber revolver in a holster on a coffee table in front of him. When Payne placed his hands on the weapon Wood ordered him to get away from the weapon and to stand against the wall. When Payne hesitated Wood pushed him away from the gun. Payne made another attempt to reach the gun but was restrained by Wood and another officer. The gun was retrieved by the police as were quantities of cash, marijuana, and drug paraphernalia.
 
 
 3
 Payne was indicted by a federal grand jury on charges of possessing marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) (count one), using or carrying a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(c) (count two), and being a felon in possession of a weapon, 18 U.S.C. § 922(g)(1) (count three). Pursuant to an agreement, Payne pled guilty to count one. He initially entered a guilty plea on count two, but was allowed to withdraw the plea. The case went to trial before a jury which convicted Payne on counts two and three. Payne's motions for acquittal were denied.
 
 
 4
 On appeal Payne challenges the sufficiency of the evidence showing that he possessed the weapon and that he used it in connection with the drug trafficking crime.
 
 
 5
 The test for deciding a motion for acquittal is whether, giving the government the benefit of all reasonable inferences, there is sufficient evidence from which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). Constructive possession of a weapon in relation to drug trafficking is sufficient to establish use under § 924(c). United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). In order to establish use the weapon need not be "brandished or displayed. Rather, 'it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used.' " Id., quoting United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988). If the evidence is sufficient to establish use under § 924(c), it is by necessity sufficient to prove possession under § 922(g)(1).
 
 
 6
 The evidence was sufficient in this case. Payne stipulated that he was engaged in drug trafficking. The weapon was in plain view on a table only a matter of feet away from Payne. He clearly had the power to exercise dominion and control over the weapon. When police entered the room he made repeated efforts to take possession of the weapon and had ultimately to be restrained by several officers. The weapon was present for protection and Payne gave every indication that he was prepared to use it. The conviction under § 924(c) is affirmed. Because the evidence was sufficient under § 924(c) the conviction under § 922(g)(1) is affirmed as well.*
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Payne did not contend that the gun had not traveled in interstate commerce, or that he was a convicted felon; the only element at issue was possession